Dear Mr. Russell:
Your request for an Attorney General Opinion was forwarded to me for research and reply. In particular, you asked the following questions:
 1) What effect does La. C.Cr.P. art. 893
have on the voting rights of convicted felons?
 2) Under La. R.S. 18:176, should the registrar suspend voting rights immediately upon sentencing, or must he receive final disposition from the court?
 3) Upon proof of satisfactory completion of the terms of his sentence, is a convicted felon automatically entitled to have his voting rights "refranchised," or must he receive a gubernatorial pardon?
Your first question was addressed in Attorney General Opinion No. 98-16A, the release of which delayed the response to your request. That opinion held that La. C.Cr.P. art. 893 provides two instances in which a judge may grant a convicted felon a suspension: 1) he may suspend the imposition of the sentence, or 2) he may impose a sentence, then suspend the execution of that sentence. Attorney General Opinion No. 98-16A further stated that if a convicted felon is actually sentenced to confinement and the execution of that sentence is suspended by the judge under La. C.Cr.P. art. 893, then La. R.S. 18:102 applies, and the felon should be purged from the voter registration list. However, if the judge chooses to suspend imposition of sentence under La. C.Cr.P. art. 893, then the felon's voting rights may not be limited pursuant to La. R.S. 18:102. Therefore, in response to your first question, only the voting rights of those convicted felons upon whom a sentence is actually imposed may be suspended by the registrar.
Your second question asks at what point the registrar must suspend a convicted felon's voting rights. La. R.S. 18:176 states that upon receiving the La. R.S. 18:171 or 171.1 report, the registrar must notify each person listed on the report that he or she has been convicted of a felony, is under an order of imprisonment, and has 21 days to appear and show cause why their voting rights should not be suspended. If the registrant fails to appear within the 21-day period, then the registrar shall suspend the voting rights of that registrant. This duty to notify also extends to any person the registrar "has reason to believe has been convicted of a felony and is under an order of imprisonment." Thus, there is no need to wait for a final disposition from the court because the above process has been legislatively established as sufficient.
Your final question is answered by La. R.S. 18:177, which states:
 The registration of a person whose registration has been suspended by the registrar of voters pursuant to R.S. 18:176 for conviction of a felony shall be reinstated upon receipt by the registrar of documentation from the appropriate correction official showing that such person is no longer under an order of imprisonment.
This language clearly indicates that there is no need for a convicted felon to receive a gubernatorial pardon in order for his voting rights to be reinstated. The registrar must reinstate the felon's voting rights upon receipt of proper attestation that the felon is no longer under an order of imprisonment.
I hope this opinion has adequately answered your questions. If I may be of further assistance, please do not hesitate to contact me.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ JULIE A. COLLINS Assistant Attorney General
 State of Louisiana
DEPARTMENT OF JUSTICE P.O. BOX 94095 CRIMINAL DIVISION BATON ROUGE, LA Baton Rouge 70804-9095 Telephone: (504) 342-7552 RICHARD P. IEYOUB FAX: ATTORNEY GENERAL (504) 342-7893